IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID HENEGAR, <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA CORRECTIONAL HEALTH, LLC, AUGUSTA UNIVERSITY, AUGUSTA UNIVERSITY HEALTH, AUGUSTA UNIVERSITY MEDICAL CENTER, INC., BILL NICHOLS, SHARON LEWIS, CINDY MCDADE, CHARLES BURKE, SHERIE L. LEE, NURSE MELTON, UNKNOWN MEDICAL PROVIDERS, WARDEN PAMELA BALLINGER, LIEUTENANT STROH, SERGEANT KEITH, UNKNOWN CORRECTIONAL OFFICERS, CORNERSTONE MEDICAL CENTER, CHI MEMORIAL, JOHN OWENSBY, CARRIE PRITCHETT, MEGAN ARTHUR, and the STATE OF GEORGIA, <br><br> Defendants. | Case No. <br><br> 4:18-cv-00192-HLM |

## DEFENDANT JOHN OWENSBY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH CONSOLIDATED BRIEF IN SUPPORT

COMES NOW John Owensby, appearing specially without waiving service of process or otherwise submitting to the jurisdiction of this Court, and

1

files this Motion to Dismiss for a Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1), with a consolidated brief in support.

## I. Introduction

As will be shown herein, Plaintiff David Henegar's Complaint sets forth two completely separate claims – (1) a 42 U.S.C § 1983 Eight Amendment Claim for denial of Medical Care at the prison where he was incarcerated, and; (2) a state law medical negligence case against movant, Defendant John Owensby, D.O., a physician who provided emergency medicine care to Plaintiff Henegar at Cornerstone Hospital after Plaintiff was removed from the prison and brought to the Emergency Room. Accordingly, the facts giving rise to Plaintiff's federal claims are not common to the facts giving rise to Plaintiff's state-law medical malpractice claims. The two sets of claims are asserted against two different sets of defendants, are based on the occurrence of two different sets of facts that occurred at different times, and will require the application of two different sets of laws, one federal and the other state. Accordingly, this Court lacks supplemental jurisdiction over Plaintiff's state law claims and these claims should be dismissed. Additionally, Plaintiff's Complaint is also subject to dismissal for failure to properly serve Dr. Owensby as required by Fed. R. Civ. P. 4(e).

## II. Plaintiff's Factual Allegations

Plaintiff's primary claim in this case, the claim upon which federal jurisdiction is based, surrounds allegations that employees and officials of Walker State Prison denied Plaintiff his medication to manage his epilepsy, which caused him to suffer a seizure. Plaintiff claims that this denial of his medications violated his constitutional rights under 42 U.S.C § 1983. (Compl., ¶¶ 1-3).

Secondarily, Plaintiff includes in his Complaint allegations against Dr. Owensby and the other Cornerstone Hospital healthcare providers for care they rendered *after* he had a seizure at the prison, and *after* he was removed from the prison and was brought to the Emergency Room of Cornerstone Hospital. (Compl., ¶¶ 41-45).

Plaintiff asserts that, after suffering a seizure at Walker State Prison, he was transported by ambulance to Cornerstone's emergency room. (Compl., ¶¶ 39-40). Plaintiff alleges that, during his care at Cornerstone's emergency room, Defendant John Owensby ("Dr. Owensby") found the level of epilepsy medication, Dilantin, in Plaintiff's system to be "dangerously low," so Dr. Owensby prescribed a 300 mg dose of Dilantin, with instructions to take 100 mg every eight hours for 10 days. (Compl., ¶¶ 42-43). Plaintiff alleges that this Dilantin dose Dr. Owensby prescribed was "patently insufficient", fell

"well below the standard of care" and constituted professional negligence (Compl., ¶ 44).

Correctly, Plaintiff does not allege that Dr. Owensby had anything to do with the care rendered at Walker State Prison, nor does Plaintiff name Dr. Owensby in Counts I-III of his Complaint, the § 1983 Claims upon which Federal Court jurisdiction lies.

Additionally, Plaintiff has failed to perfect service on Dr. Owensby as required by Fed. R. Civ. P. 4(e). Rather, Plaintiff served Mr. Steve Pursley, the chief security supervisor at CHI Memorial Hospital. Mr. Pursley is not authorized by appointment or by law to receive service of process on behalf of Dr. Owensby as an individual.

### III. Argument and Citation of Authorities

**A. This Court lacks subject matter jurisdiction over the state law claims against John Owensby, D.O. and, therefore, Plaintiff's claims against him should dismissed.**

This Court should dismiss the Complaint against Dr. Owensby on grounds that this Court lacks subject matter jurisdiction over Plaintiff's state law claims because those claims are not based on a "common nucleus of operative facts" with the federal claims.

This Court does not have supplemental jurisdiction over Plaintiff's state law claims because the facts underlying those claims are not a part of the

4

operative facts underlying Plaintiff's federal claims. When this Court's subject matter jurisdiction is based on federal question jurisdiction, as in this case, the Court can exercise "supplemental" jurisdiction over state claims, but only when those claims "are so related" to the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

State law claims are part of the same case or controversy underlying federal claims when both sets of claims "derive from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)). When the two sets of claims "involve different issues under different laws arising from different sets of facts," they do not arise from a common nucleus of operative fact, and the district court does not have supplemental jurisdiction over the state law claims. *Id.* at 678-79 (reversing the district court's determination that it could exercise supplemental jurisdiction).

When a plaintiff claims on the one hand, that he was injured by a violation of federal law committed by one set of defendants; and on the other, that he was injured by the alleged malpractice of a different set of defendants under state law, the claims do not arise from a common nucleus of operative facts, and the district court lacks subject matter jurisdiction over the state law

5

malpractice claims. *See Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69-70 (1st Cir. 1999).

Similar to this case at hand, in *Serrano*, the plaintiffs alleged that their son was beaten by the police (giving rise to federal claims under 42 U.S.C. § 1983), and that after he was beaten and taken to the hospital, doctors committed malpractice leading to the death of their son (giving rise to claims under state law). *Id.* at 69. The district court dismissed the state law claims, and the First Circuit affirmed, holding that the "facts and witnesses as to the two sets of claims are essentially different" because **"[w]hether or not the police violated [the decedent's] civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care."** *Id.* at 70 (emphasis added). Accordingly, the district court properly held that it lacked subject matter jurisdiction over the state-law, medical-malpractice claims. *Id.; see also Maranon v. Santa Clara Stadium Authority*, Case No. 15-cv-04709-BLF, 2017 WL 4573370, at *4-5 (N.D. Cal. October 13, 2017) (dismissing the plaintiff's medical malpractice claims against the defendant doctors who treated the plaintiff after he was injured when his wheelchair got stuck in a grate at the other defendants' stadium, in violation of federal accessibility laws); *Mills v. Grant County Detention Center*, Civil Action No. 07-74-DLB, 2007 WL 2914213, at *3-4 (E.D. Kentucky Sept. 27,

6

2007) (dismissing the plaintiff's legal malpractice claims against the lawyer defendants, which allegedly gave rise to her unlawful detention and federal civil rights claims against the detention center defendants).

Like the plaintiff in *Serrano*, Plaintiff in the present case asserts federal civil rights claims against one set of defendants, based on one set of facts, and separate medical-malpractice claims under state law against a different set of defendants, based on a different set of facts. Plaintiff's claims against Defendant Owensby occurred *after* the events giving rise to Plaintiff's civil rights claims against the prison officials. Plaintiff alleges that officials and employees associated with Walker State Prison failed to give him his epilepsy medication, causing him to have a seizure. (Compl., ¶¶ 27-39). Those allegations give rise to his § 1983 claims in Counts I, II, and III of the Complaint, none of which are asserted against Dr. Owensby, or any of the other defendants allegedly associated with the hospital. Plaintiff alleges that, after his seizure, he was taken to the hospital, where he was prescribed a purportedly insufficient amount of epilepsy medication by Dr. Owensby. (Compl., ¶¶ 40-44). Those allegations give rise to his medical malpractice claim, contained in Count IV of the Complaint, which is not directed at any of the defendants named in Counts I, II, and III.

In other words, whether the prison official defendants violated Plaintiff's civil rights will depend on evidence and witnesses that are different from the evidence and witnesses relevant to Plaintiff's medical malpractice claims. Just as in *Serrano*, whether the prison officials in this case violated Plaintiff's civil rights has nothing to do with whether the hospital, doctors, or nurses conformed to the requisite standards of care. *See* 195 F.3d at 70. Accordingly, Plaintiff's federal claims and state claims do not arise out of the same nucleus of operative facts, and this Court does not have supplemental jurisdiction over them. Therefore, this Court should dismiss the Complaint against Dr. Owensby on grounds that this Court lacks subject matter jurisdiction over Plaintiff's state law claims.

### B. **Plaintiff's Complaint should also be dismissed because he has failed to properly serve Dr. Owensby.**

Service of a summons and complaint upon a defendant must be perfected to commence suit. *See Cherry v. North & South Railroad*, 65 Ga. 633, 636 (1880); *Lawrence v. Noltimier*, 213 Ga. App. 628 (1994). When a defendant is an individual, he may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, state law for serving a summons on an individual defendant is essentially identical to the requirements set forth under subsection (2) of Fed. R. Civ. P. 4(e). Thus, to properly serve Dr. Owensby, Plaintiff was required by law to serve Dr. Owensby either personally, or leaving a copy of the summons and complaint with someone of suitable age residing at Dr. Owensby's home, or by delivering a copy to an agent authorized by appointment or law. Plaintiff did not make service of process in any of these manners. Rather, Plaintiff's process server left a copy of the Summons and Complaint with Mr. Steve Pursely at CHI Medical Center. (*See* Owensby Proof of Service, attached hereto as Exhibit A.) According to the Proof of Service for Carrie Pritchett, Mr. Pursely is the Chief Security Supervisor at CHI Medical Center. (*See* Pritchett Proof of Service, attached hereto as Exhibit B.) Mr. Pursely neither resides in, nor was served at Dr. Owensby's "dwelling or usual place of abode". *See* Lamont v. Haig, 539 F. Supp. 552 (D.S.D. 1982) (leaving process at defendant's place of employment does not qualify under dwelling, house, or place of abode). Additionally, Mr. Pursely is not authorized by law or

9

appointment to accept service on behalf of Dr. Owensby. Fed. R. Civ. P. 4(e)(2)(C). Thus, service of the Summons and Complaint on Mr. Pursely does not equate to service on Dr. Owensby. S*ee Cohen v. Miami*, 54 FRD 274 (D. Fla. 1972) (service by delivery papers to doctor's secretary in doctor's office was inadequate); *Smith v. Western Offshore, Inc.*, 590 F. Supp. 670 (E.D. La. 1984) (service upon individual through non-authorized agent at individual's place of business in not proper means of service under FRCP 4).

Because Plaintiff has failed to serve Dr. Owensby, this court lacks jurisdiction over Dr. Owensby and Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b) for this reason as well as those contained in Section A of this Brief. *See Napier v. Hawthorn Books, Inc.*, 449 F. Supp. 576 (E.D. Mich. 1978) (Court must acquire jurisdiction before exercising it and acquisition of jurisdiction is accomplished by service of process); *Massachusetts Farmers Defense Committee v. United States*, 26 F. Supp. 941 (D. Mass. 1939) (Motion to dismiss should be granted if a party defendant has not been served with process).

## IV.    CONCLUSION

WHEREFORE, Defendant John Owensby, D.O. respectfully requests that the Court dismiss all claims against him.

This 18th day of October, 2018.

                                                  WEATHINGTON McGREW

|  |  |
|---|---|
| | */s/ Tracy M. Baker* |
| 191 Peachtree Street NE | Paul E. Weathington |
| Suite 3900 | Bar No. 743120 |
| Atlanta GA, 30303 | Tracy M. Baker |
| 404-524-1600 | Bar No. 196706 |
| | |
| | *Attorneys for Defendant John Owensby* |

# CERTIFICATION AS TO FONT

Pursuant to Local Rule 7.1D, I hereby certify that this Motion is submitted in Century Schoolbook 13 point type as required by Local Rile 5.1 (b).

WEATHINGTON McGREW

191 Peachtree Street NE
Suite 3900
Atlanta GA, 30303
404-524-1600

*/s/ Tracy M. Baker*
Paul E. Weathington
Bar No. 743120
Tracy M. Baker
Bar No. 196706

*Attorneys for Defendant John Owensby*

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Arthur Loevy
Michael Kanovitz
Rachel Elaine Brady
Loevy & Loevy

Zack Greenamyre
Mitchell & Shapiro, LLC

Laura L. Jones
Susan E. Teaster
Department of Law, State of Georgia

Aaron P.M. Tady
Coles Barton LLP

Cara Weiner
Spears Moore Rebman & Williams

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

This 18th day of October, 2018.

*/s/ Tracy M. Baker*
Tracy M. Baker
Bar No. 196706