IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID HENEGAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGIA CORRECTIONAL HEALTH, LLC, ) | |
| AUGUSTA UNIVERSITY, AUGUSTA ) | |
| UNIVERSITY HEALTH, AUGUSTA ) | Case No. |
| UNIVERSITY MEDICAL CENTER, INC., BILL ) | |
| NICHOLS, SHARON LEWIS, CINDY MCDADE, ) | 4:18-cv-00192-HLM |
| CHARLES BURKE, SHERIE L. LEE, NURSE ) | |
| MELTON, UNKNOWN MEDICAL PROVIDERS, ) | |
| WARDEN PAMELA BALLINGER, ) | |
| LIEUTENANT STROH, SERGEANT KEITH, ) | |
| UNKNOWN CORRECTIONAL OFFICERS, ) | |
| CORNERSTONE MEDICAL CENTER, CHI ) | |
| MEMORIAL, JOHN OWENSBY, CARRIE ) | |
| PRITCHETT, MEGAN ARTHUR, and the STATE ) | |
| OF GEORGIA, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT
JOHN OWENSBY'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDCITION**

COMES NOW John Owensby, D.O. ("this Defendant"), appearing specially

without waiving service of process or otherwise submitting to the jurisdiction of this

-1-

Court, files this Reply Brief in further support of his Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1).

## **Introduction**

This Defendant has demonstrated that the Court should dismiss the claims against him for two separate reasons. First, this Court lacks subject matter jurisdiction over Plaintiff's state law claims because those claims do not share a common nucleus of operative facts with Plaintiff's federal claims. Second, Plaintiff's Complaint is subject to dismissal for failure to properly serve Dr. Owensby as required by Fed. R. Civ. P. 4(e).

In response to the above-stated grounds for this Defendant's motion to dismiss, Plaintiff has failed to demonstrate that his federal claims arise from the same facts as his state-law claims. The truth is that those two sets of claims are distinct from one another. They arise from different events, involve different issues, and, if this case ever went to trial, would be proven by different witnesses. Accordingly, this Court lacks supplemental jurisdiction over Plaintiff's state-law claims. In addition, Plaintiff failed to demonstrate that service was properly executed as to Dr. Owensby under Fed. R. Civ. P. 4(e), therefore, Plaintiff's Complaint should be dismissed.

## Argument and Citation of Authorities

**A.  Plaintiff has failed to establish that this Court has subject matter jurisdiction over his state-law claims.**

In this case, Plaintiff bears the burden of establishing that this Court has supplemental jurisdiction over his state-law claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding that the party asserting subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists). Plaintiff has failed to meet that burden because he has failed to show how his state-law claims against this Defendant "are so related" to his federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff admits that he must show that his state-law claims and his federal claims "derive from a common nucleus of operative fact" to establish supplemental jurisdiction. *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)). However, Plaintiff has wholly failed to make such a showing.

Plaintiff simply concludes that his state-law claims are "inextricable" from his federal claims (Response, p. 3), but he fails to make any specific connections between those two sets of claims. Plaintiff's federal claims are based on allegations that government employees and officials at the prison failed to give him his anti-

epilepsy medication, causing him to have a seizure. On the other hand, the state-law claims are based on alleged facts that occurred entirely at the hospital after his seizure. Those claims will be resolved by analyzing different issues, are based on different facts, and if the claims are ever tried, will be proven by different witnesses. Accordingly, this Court lacks supplemental jurisdiction. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (holding that, when the plaintiff's state-law claims and federal claims "involve different issues under different laws arising from different sets of facts," they do not arise from a common nucleus of operative fact, and the district court does not have supplemental jurisdiction over the state law claims).

Plaintiff incorrectly asserts that this Defendant and the Hospital Defendants have cited only "one out-of-circuit case" to support their argument. The truth is that this Defendant and the Hospital Defendants both cited multiple cases standing for the proposition that, when a plaintiff claims he was injured by a violation of federal law committed by one set of defendants and also claims he was injured by the alleged malpractice of a different set of defendants under state law, the claims do not arise from a common nucleus of operative facts, and the district court lacks subject matter jurisdiction over the state law malpractice claims. *See Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69-70 (1st Cir. 1999); *Maranon v. Santa Clara Stadium*

*Authority*, Case No. 15-cv-04709-BLF, 2017 WL 4573370, at *4-5 (N.D. Cal. October 13, 2017); *Mills v. Grant County Detention Center*, Civil Action No. 07-74-DLB, 2007 WL 2914213, at *3-4 (E.D. Kentucky Sept. 27, 2007).

Plaintiff cites several cases in an attempt to argue otherwise, but most of those cases are inapplicable because they involve state-law claims against persons who worked for the government, and thus, the conduct giving rise to those state-law claims also gave rise to the federal claims. *See Hunt v. Gualtieri*, No. 8:15-CV-1257-T-33EAJ, 2015 WL 4250601, at *4 (M.D. Fla. July 13, 2015); *Rhodes v. Placer Cty.*, No. 2:09-CV-00489 MCE, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011). In the case at bar, this Defendant is not alleged to be affiliated with the prison, and regardless, this Defendant's alleged negligence occurred entirely at the hospital, not at the prison. Consequently, the facts underlying the state-law claims against this Defendant are fully separated in time and geography from the facts underlying Plaintiff's federal claims.

The only case Plaintiff cites in which the prisoner plaintiff's state-law claims were directed against an independent health care provider is *Morris v. Macon-Bibb County Consolidated Government*, No. 1:14-CV-00892-AT, 2016 WL 7381703 (N.D. Ga. Oct. 28, 2016). Yet that case can easily be distinguished from the case at bar. In *Morris*, the plaintiff admitted to the police that he had swallowed two baggies

containing methamphetamines immediately before he was arrested. The police delivered to the plaintiff to a hospital to have the baggies removed. The doctor at the hospital negligently failed to find the baggies and returned the plaintiff to the police without removing the drugs from the plaintiff. Accordingly, the prison defendants' and the doctors' defenses truly were intertwined, with the prison defendants even blaming the doctor for the plaintiff's injuries. Therefore, it was proper in that situation that the court held that it had supplemental jurisdiction over the plaintiff's state-law claims against the defendant doctor. *Id.* at *8.

In comparison, Plaintiff has not alleged that this Defendant and the prison officials had any interactions with each another. In fact, the events giving rise to Plaintiff's claims against the prison officials occurred exclusively at the prison, while the events giving rise to Plaintiff's state-law claims against this Defendant occurred exclusively at the hospital. Therefore, whether the prison officials violated Plaintiff's civil rights has nothing to do with whether this Defendant conformed to the requisite standards of care, and thus, Plaintiff's federal claims and state claims do not arise out of the same nucleus of operative facts. Thus, this Court does not have supplemental jurisdiction over Plaintiff's state-law claims.

**B.  Plaintiff has failed to demonstrate that service was properly executed as to Dr. Owensby under Fed. R. Civ. P. 4(e).**

In Plaintiff's Response Brief, Plaintiff attempts to show that Dr. Owensby was properly served by simply concluding that Mr. Pursley was this Defendant's authorized agent. (Response, p. 12). However, this is neither legally sufficient nor factually accurate. In support of this contention, Plaintiff claims that Mr. Pursley asserted he could receive service on behalf of Dr. Owensby, therefore Plaintiff is entitled to rely on this assertion. (Response, p. 12). Yet Federal Rule of Civil Procedure 4(e) is clear that service is proper if it is delivered "to an agent authorized by appointment." This Defendant did not appoint or authorize Mr. Pursley to accept service on his behalf, and Plaintiff has pointed to no evidence that indicates otherwise. Plaintiff cites to a magistrate judge's order denying a 'motion to accept a complaint as served' as authority for his reliance on Mr. Pursley's alleged assertion. *Collins v. Fulton Cty. Sch. Dist.*, No. 1:12-CV-1299-ODE-JSA, 2012 WL 12924985 (N.D. Ga. Dec. 4, 2012). Confusingly, Plaintiff's basis for this reliance is not on the judge's ruling, but on another plaintiff's contentions: "Plaintiff contends that he called the FCSD to determine the person who was appointed to accept service on behalf of the FCSD and that he reasonably relied on the representations of the FCSD employee." *Id.* at *6.

Moreover, Plaintiff repeatedly mentions the standard for serving a corporation and cites to multiple cases referencing serving a corporation through an employee. (Response, p. 13; *Nesmith v. Landmark Dodge, Inc.,* 302 Ga. App. 315, 316 (2010); *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1994)). This Defendant is an individual thus must be served accordingly, and Plaintiff has failed to do so in this case. Next, Plaintiff argues that service as to this Defendant must be proper because the other defendants do not contest service in this case. (Response, p. 13). Whether or not other parties were properly served has absolutely no bearing on the sufficiency of service as to this Defendant. This Defendant has raised the issue of improper service with each appearance before this Court and until Plaintiff properly serves this Defendant, this Court lacks jurisdiction over Dr. Owensby and Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b) for this reason as well as those contained in Section A of this Brief.

## **Conclusion**

For the foregoing reasons, and for the reasons given in this Defendant's initial brief, the Court should dismiss Plaintiff's claims against him.

This 20th day of November, 2018.

                                                        WEATHINGTON McGREW, LLC

                                                        */s/ Tracy M. Baker*

| | |
|---|---|
| 191 Peachtree Street NE | Paul E. Weathington |
| Suite 3900 | Bar No. 743120 |
| Atlanta GA, 30303 | Tracy M. Baker |
| 404-524-1600 | Bar No. 196706 |
| tbaker@weathingtonmcgrew.com | |
| | *Attorneys for Defendant John Owensby* |

# **CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Arthur Loevy
Michael Kanovitz
Rachel Elaine Brady
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607

Zack Greenamyre
Mitchell & Shapiro, LLP
3490 Piedmont Road, suite 650
Atlanta, GA 30305

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

This 20th day of November, 2018.

*/s/ Tracy M. Baker*
Tracy M. Baker
Bar No. 196706

## **FONT CERTIFICATION**

The undersigned counsel for Defendant hereby certifies that the foregoing document was prepared using Times New Roman 14-point font in accordance with LR 5.1(C).

                                      WEATHINGTON McGREW, LLC

|  |  |
|---|---|
|  | */s/ Tracy M. Baker* |
| 191 Peachtree Street NE | Paul E. Weathington |
| Suite 3900 | Bar No. 743120 |
| Atlanta GA, 30303 | Tracy M. Baker |
| 404-524-1600 | Bar No. 196706 |
| tbaker@weathingtonmcgrew.com |  |
|  | *Attorneys for Defendant John Owensby* |