IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID HENEGAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGIA CORRECTIONAL HEALTH, LLC, ) | |
| AUGUSTA UNIVERSITY, AUGUSTA ) | |
| UNIVERSITY HEALTH, AUGUSTA ) | Case No. |
| UNIVERSITY MEDICAL CENTER, INC., BILL ) | |
| NICHOLS, SHARON LEWIS, CINDY MCDADE, ) | 4:18-cv-00192-HLM |
| CHARLES BURKE, SHERIE L. LEE, NURSE ) | |
| MELTON, UNKNOWN MEDICAL PROVIDERS, ) | |
| WARDEN PAMELA BALLINGER, ) | |
| LIEUTENANT STROH, SERGEANT KEITH, ) | |
| UNKNOWN CORRECTIONAL OFFICERS, ) | |
| CORNERSTONE MEDICAL CENTER, CHI ) | |
| MEMORIAL, JOHN OWENSBY, CARRIE ) | |
| PRITCHETT, MEGAN ARTHUR, and the STATE ) | |
| OF GEORGIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS
CORNERSTONE MEDICAL CENTER, CARRIE PRITCHETT, AND
MEGAN ARTHUR'S MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM AND FOR LACK OF SUBJECT MATTER JURISDCITION**

COME NOW Cornerstone Medical Center ("Cornerstone"), Carrie Pritchett

("Ms. Pritchett"), and Megan Arthur ("Ms. Arthur") (sometimes collectively the

"Hospital Defendants") and file this Reply Brief in further support of their Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1).

### Introduction

The Hospital Defendants have demonstrated that the Court should dismiss the claims against them for two independent reasons. First, the Complaint fails to state a claim on which relief can be granted, failing to allege any specific wrongdoing by Ms. Pritchett, Ms. Arthur, and Cornerstone. Second, this Court lacks subject matter jurisdiction over Plaintiff's state law claims because those claims do not share a common nucleus of operative facts with Plaintiff's federal claims.

In response to those grounds for the Hospital Defendants' motion to dismiss, Plaintiff has not shown any specific allegations of negligence against either Ms. Pritchett or Ms. Arthur, leaving them guessing as to what Plaintiff contends they actually did wrong. Plaintiff also has failed to explain exactly which of the defendants Cornerstone is purportedly responsible for. Accordingly, Plaintiff has failed to state a claim against the Hospital Defendants.

Plaintiff has also failed to demonstrate that his federal claims arise from the same facts as his state-law claims. The truth is that those two sets of claims are

distinct from one another. They arise from different events, involve different issues, and, if this case ever went to trial, would be proven by different witnesses. Accordingly, this Court lacks supplemental jurisdiction over Plaintiff's state-law claims.

## Argument and Citation of Authorities

**A.    Plaintiff has not sufficiently alleged a claim against the Hospital Defendants.**

Citing an incorrect pleading standard, Plaintiff contends that the Court can dismiss the Complaint only if it finds that Plaintiff "can prove no facts in support of his claim which would entitle him to relief." (Response, p. 2 [citing the 11th Circuit's pre-*Twombly* decision in *Simmons v.* Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004)]). The U.S. Supreme Court expressly rejected that standard in *Bell Atlantic Corp. v. Twombly*, holding that it is "not the minimum standard of adequate pleading to govern a complaint's survival." 550 U.S. 544, 563 (2007) ("[The] 'no set of facts' language has been questioned, criticized and explained away long enough.").

The correct standard for stating a claim is provided in Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the Complaint contain a "short and plain statement of the claim ***showing the pleader is entitled to relief***." Fed. R. Civ. P. 8(a)(2) (emphasis added). As the Supreme Court has explained, rule 8(a)

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But that is all that Plaintiff has alleged against Ms. Pritchett and Ms. Arthur.

Plaintiff has failed to state any facts indicating what Ms. Pritchett or Ms. Arthur purportedly did wrong. In other words, Plaintiff has not met his "obligation to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 545 (internal quotation marks and punctuation omitted). Plaintiff has violated the prohibition against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Even in his response to the motion to dismiss, Plaintiff can say nothing more than "Defendant Arthur took his vitals" and "Defendant Pritchett dispensed the medication" that Dr. Ownesby had prescribed. (Response, p. 8). Put simply, Plaintiff has failed to allege what Ms. Arthur and Ms. Pritchett did to harm him, leaving them guessing as to what their defense should be. Accordingly, Plaintiff has failed to state a claim against them.

As for Cornerstone, Plaintiff alleges in its Complaint that Dr. Owensby may be an employee of Cornerstone or three other entities that are unrelated to Cornerstone. (Am. Compl., ¶ 21). Because Plaintiff incorporates by reference every paragraph of his Complaint into every Count, including the one Count expressly

directed at Cornerstone (*see* Compl., ¶ 92), it is impossible for Cornerstone to know what acts Plaintiff alleges Cornerstone is responsible for, and thus, the Court should also dismiss the claims against Cornerstone.  *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (holding that a plaintiff does not state a proper claim when every count of the plaintiff's complaint "incorporates by reference the allegations made" throughout the complaint, resulting in a complaint with counts that are "replete with factual allegations that could not possibly be material to that specific count.").

To argue otherwise, Plaintiff must misstate the holdings of cases.  For example, Plaintiff contends that a "mere allegation" of improper treatment is all he has to assert to defeat the Hospital Defendants' motion to dismiss, citing *Lester v. Chase*, No. 5:09-CV-412 CAR, 2010 WL 3199956 (M.D. Ga. July 16, 2010).  But that is not what that case stands for at all.  In that unpublished decision from the Middle District of Georgia, the court actually dismissed the plaintiff's § 1983 claim because the plaintiff had made a "mere allegation" of medical malpractice against the prison's doctors.  *Id.* at *2.  In other words, Plaintiff's argument relies on a case that actually confirms why the Court should dismiss Plaintiff's state-law claims: Plaintiff has made a "mere allegation" of negligence without stating what the

Hospital Defendants actually did wrong. And like in *Lester*, the Court should dismiss Plaintiff's claims against the Hospital Defendants.

Similarly, Plaintiff incorrectly argues that he has sufficiently pleaded a negligence claim by simply asserting, without any further factual support, that his second seizure was the result of care he received at Cornerstone which was "inadequate" in some unspecified way. To support that incorrect statement of the law, Plaintiff cites *Johnson v. Monroe*, No. CV417-044, 2017 WL 1395504 (S.D. Ga. Apr. 13, 2017). But in that case, the district court actually dismissed the plaintiff's claim that prison officials and medical staff violated his Eighth Amendment rights because all the plaintiff had alleged was that, after he "report[ed] some sort of injury," the prison medical staff initiated treatment but "refused to conduct some unspecified further treatment that he consider[ed] necessary." *Id.* at *2. Similarly, Plaintiff in the present case has alleged that Ms. Pritchett and Ms. Arthur committed some unspecified act of negligence but has not identified what they actually did wrong. Accordingly, like the plaintiff's claims in *Johnson*, Plaintiff's claims against Ms. Pritchett and Ms. Arthur should be dismissed.

Plaintiff correctly contends that his Complaint does not have to specify precise legal theories, but the cases he cites to support that unremarkable proposition go on to state that a plaintiff must still allege the factual grounds on which his claims rest

with sufficient particularity to put the defendants on notice of what they allegedly did wrong. *See Criswell v. Intellirisk Mgmt. Corp.*, 286 F. App'x 660, 664 (11th Cir. 2008) (cited at page 9 of Plaintiff's Response); *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 823 (11th Cir. 2001) (same). That is exactly what Plaintiff has failed to do here. He has not stated the factual basis for his claims against the Hospital Defendants, and thus, those claims should be dismissed.

**B.** **Plaintiff has failed to establish that this Court has subject matter jurisdiction over his state-law claims.**

Plaintiff bears the burden of establishing that this Court has supplemental jurisdiction over his state-law claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding that the party asserting subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists). Plaintiff has failed to meet that burden because he has failed to show how his state-law claims against the Hospital Defendants "are so related" to his federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff does not dispute that, to establish supplemental jurisdiction, he must show that his state-law claims and his federal claims "derive from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)). But Plaintiff has failed to make such a showing.

Plaintiff asserts that his state-law claims are "inextricable" from his federal claims (Response, p. 3), but he fails to make any specific connections between those two sets of claims. Plaintiff's federal claims are based on allegations that government employees and officials at the prison failed to give him his anti-epilepsy medication, causing him to have a seizure. His state-law claims are based on alleged facts that occurred at the hospital after his seizure. Those claims will be resolved by analyzing different issues, are based on different facts, and if the claims are ever tried, will be proven by different witnesses. Accordingly, this Court lacks supplemental jurisdiction. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (holding that, when the plaintiff's state-law claims and federal claims "involve different issues under different laws arising from different sets of facts," they do not arise from a common nucleus of operative fact, and the district court does not have supplemental jurisdiction over the state law claims).

Plaintiff incorrectly asserts that the Hospital Defendants have cited only "one out-of-circuit case" to support their argument. The truth is that the Hospital Defendants have cited multiple cases standing for the proposition that, when a plaintiff claims he was injured by a violation of federal law committed by one set of defendants and also claims he was injured by the alleged malpractice of a different

set of defendants under state law, the claims do not arise from a common nucleus of operative facts, and the district court lacks subject matter jurisdiction over the state law malpractice claims. *See Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69-70 (1st Cir. 1999); *Maranon v. Santa Clara Stadium Authority*, Case No. 15-cv-04709-BLF, 2017 WL 4573370, at *4-5 (N.D. Cal. October 13, 2017); *Mills v. Grant County Detention Center*, Civil Action No. 07-74-DLB, 2007 WL 2914213, at *3-4 (E.D. Kentucky Sept. 27, 2007).[1]

Plaintiff cites several cases to argue that the Court should exercise supplemental jurisdiction here, but most of those cases are inapplicable because they involve state-law claims against persons who worked for the government, and thus, the conduct giving rise to those state-law claims also gave rise to the federal claims.

---

[1] Moreover, courts in this circuit have repeatedly held, in the analogous situation in which plaintiffs bring legal malpractice claims against attorneys who had represented the plaintiffs in a prior proceeding in federal court to pursue federal claims, that malpractice claims against the attorneys arise under state law and do not have a sufficient connection to the prior federal action to warrant supplemental jurisdiction. *See, e.g., Ray v. Tennessee Valley Authority*, 677 F.2d 818, 826 (11th Cir., 1982) ("The malpractice claim therefore is wholly separate from the federal claims both as to the facts necessary to prove the claim and the theory of recovery. Hence, we conclude that the malpractice claim and the federal claims did not arise from a 'common nucleus of operative fact' and consequently the district court lacked the power to hear the malpractice claim."); *United Subcontractors, Inc. v. Rust Consulting, Inc.*, No. 16-CV-04735-AT, 2017 WL 3449612, at *5 (N.D. Ga. Aug. 2, 2017); *Hunter v. Abi*, No. 2:13-CV-661-WKW, 2014 WL 495359, at *10 (M.D. Ala. Feb. 5, 2014).

*See, e.g., Hunt v. Gualtieri*, No. 8:15-CV-1257-T-33EAJ, 2015 WL 4250601, at *4 (M.D. Fla. July 13, 2015); *Rhodes v. Placer Cty.*, No. 2:09-CV-00489 MCE, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011). Here, the Hospital Defendants are not alleged to be affiliated with the prison, and in any event, the Hospital Defendants' alleged negligence occurred at the hospital, not at the prison. Accordingly, the facts underlying the state-law claims against the Hospital Defendants are separated in time and geography from the facts underlying Plaintiff's federal claims.

The only case Plaintiff cites in which the prisoner plaintiff's state-law claims were directed against an independent health care provider is *Morris v. Macon-Bibb County Consolidated Government*, No. 1:14-CV-00892-AT, 2016 WL 7381703 (N.D. Ga. Oct. 28, 2016). But that case is easily distinguished. The plaintiff admitted to the police that he had swallowed two baggies containing methamphetamines immediately before he was arrested. The police delivered to the plaintiff to a hospital to have the baggies removed. The doctor at the hospital negligently failed to find the baggies and returned the plaintiff to the police without removing the drugs from the plaintiff. Accordingly, the prison defendants' and the doctors' defenses truly were intertwined, with the prison defendants even blaming the doctor for the plaintiff's injuries, and for that reason, the court held that it had

supplemental jurisdiction over the plaintiff's state-law claims against the defendant doctor. *Id.* at *8.

By contrast, Plaintiff has not alleged that the Hospital Defendants and the prison officials had any interactions with one another. In fact, the events giving rise to Plaintiff's claims against the prison officials occurred entirely at the prison, while the events giving rise to Plaintiff's state-law claims against the Hospital Defendants occurred entirely at the hospital. Accordingly, whether the prison officials violated Plaintiff's civil rights has nothing to do with whether the Hospital Defendants conformed to the requisite standards of care, and thus, Plaintiff's federal claims and state claims do not arise out of the same nucleus of operative facts. In short, this Court does not have supplemental jurisdiction over Plaintiff's state-law claims.

## Conclusion

For the foregoing reasons, and for the reasons given in the Hospital Defendants' initial brief, the Court should dismiss Plaintiff's claims against them.

*[signature on following page]*

This 30th day of November, 2018.

Respectfully submitted,

COLES BARTON LLP


 /s/ Aaron P.M. Tady
Matthew S. Coles
Georgia Bar Number 178020
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendants Cornerstone*
*Medical Center, Carrie Pritchett, and*
*Megan Arthur*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
mcoles@colesbarton.com
atady@colesbarton.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that on this day, the 30th day of November, 2018, I electronically filed the within and foregoing **Reply Brief in Further Support of Defendants Cornerstone Medical Center, Carrie Pritchett, and Megan Arthur's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

Pursuant to Local Rule 5.1B, the undersigned counsel for Defendants hereby certifies that the foregoing document was prepared in Times New Roman, 14 point font.

This 30th day of November, 2018.

*/s/ Aaron P.M. Tady*
*Attorney for Defendants Cornerstone*
*Medical Center, Carrie Pritchett, and*
*Megan Arthur*

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
mcoles@colesbarton.com
atady@colesbarton.com