IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID HENEGAR, | ) |
| *Plaintiff,* | ) ) ) Case No. 4:18-cv-00192-HLM |
| v. | ) ) |
| CINDY McDADE, et al., | ) JURY TRIAL DEMANDED |
| *Defendants.* | ) ) |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DAVID HENEGAR, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| CINDY MCDADE, SHERIE L. LEE, | ) | 4:18-cv-00192-HLM |
| MARY ANN MELTON, JOHN STROH, | ) | |
| and JEROME KEITH, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff, David Henegar, by his undersigned attorneys, propounds the following Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure upon Defendants Cindy McDade, Sherie Lee, Mary Ann Melton, John Stroh, and Jerome Keith to be answered by each separately under oath and in writing within thirty days after service hereof.

**DEFINITIONS**

1. "Plaintiff," "David Henegar," or "Mr. Henegar" refers to Plaintiff David Henegar.

2. "Defendant" and "You/r" shall refer to any of the Defendants, as well as their subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within their control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

3. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

4. "Walker State Prison" or "Walker" shall refer to the physical location operated by the Georgia Department of Corrections, as well as counsel for the department, any of its present or former divisions, officers, directors, affiliates, employees, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

5. "GDOC" shall refer to the Georgia Department of Corrections, as well as counsel for the department, any of its present or former divisions, officers, directors, affiliates,

1

employees, contractors, experts, investigators, representatives, agents, or other Persons acting on its behalf.

6. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges or posts on social media such as Facebook, Twitter, Instagram, Snapchat, and the like.

7. "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Specifically, the term "Document" shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter regardless of how it is printed, stored or reproduced. Additionally, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered responsive.

8. "To Identify" with respect to persons is defined as to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. "To Identify" with Respect to Documents is defined as to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

9. "Person" is defined as any natural person or any business, legal, or governmental entity, or association.

10. "Plaintiff's Complaint" shall mean the operative pleading entitled Complaint, which was filed in *Henegar v. McDade.* No. 18-cv-192 (N.D. Ga.), including any amended versions.

## INSTRUCTIONS

1. Documents that are stored electronically shall be produced regardless of their form, kind, or location, and shall be produced in their native format.

2. Any interrogatory whose response includes a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

3. As required by Rule 34, if there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

4. If any Documents response to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

5. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

6. In the event that a Document is responsive to an interrogatory, identify the interrogatory to which each Document produced is responsive.

7. If any Document is withheld under a claim of privilege, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and nature of the privilege and the date of the Document, person(s) generating and receiving the Document, type of Document (e.g. letter, report, memorandum, etc.) and a general description of the subject matter contained in the Document. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, and the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

## **Interrogatories**

1. Under oath, please identify by name, address, and telephone number all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any facts known by each such Person relating to the claims and defenses in this action, including all facts about which the Person may be competent to testify at trial, and state whether you intend to call that Person as a witness at trial.

If this Interrogatory is answered by incorporating Documents which include any handwritten notations or names, please identify as to each Person contained in the referenced Document the name, address, and telephone number of the Person. In addition, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents. If you fail to do so, Plaintiff will assume that the witnesses and substance of their testimony are strictly limited to what is contained in the Documents you reference.

2. For any Document (including video) requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all Persons involved; the reasons for disposing of the Document; the identity of any Person with knowledge of its content; and the identity of the last Person known to have seen it. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or

destroyed, and the names of all Persons with knowledge of the steps taken.

3. Please identify all Complaints (including any Complaints that are presently pending) that have ever been made against you, including but not limited to any and all lawsuits alleging that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities with respect to prisoners. For each such Complaint, state:

   a. The date each Complaint was filed;
   b. A detailed description of the nature of each Complaint;
   c. A case number or other identifying number of each Complaint; and
   d. How each Complaint was resolved, including any discipline imposed in connection with each Complaint.

4. State whether you have had any Communication with any Person (other than the attorney hired to represent you in this action) regarding Plaintiff or any of the allegations or events described in Plaintiff's Complaint. For each such Communication, state:

   a. The date of the Communication;
   b. The identities of all parties involved in the Communication;
   c. The manner of the Communication; and
   d. A summary of the substance of the Communication.

If this Interrogatory is answered by incorporating Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents referenced.

5. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify the Person who has been convicted and the nature of the conviction, and the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

6. For any Affirmative Defenses that you have asserted or will assert in this matter, please describe without resorting to legal conclusions the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Please provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

7. Given the sum total of your personal knowledge of the policies, practices, and customs in place at Walker State Prison and Georgia Department of Corrections between January 2014 and the present, please state whether you or any other Person involved in any way in the medical evaluation or treatment of David Henegar acted inconsistently with any of those policies, customs, or practices (including formal or informal, and written or unwritten). If the answer is in the affirmative, please:

    a.    Identify any particular policy, custom, or practice which was violated;
    b.    Describe the circumstances and manner in which said policy, custom, or practice was violated; and
    c.    State whether any discipline resulted from that violation.

8. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

9. Do you contend that David Henegar received adequate medical care at Walker during the period of time that you worked at that facility? If your answer is anything but an unqualified "yes," please state every reason that you believe Mr. Henegar's seizures were the result of something other than the Defendants in this case. If you answer in the affirmative, please state which Defendants you contend caused Mr. Henegar's seizures.

10. Please state with specificity every interaction that you had with David Henegar at any point between January 1, 2014 and the present. For each instance, please describe:

    a.    The date and time of the interaction;
    b.    Any other Persons involved or present;
    c.    Any Communications that you had with David Henegar or with any other Persons during the interaction;
    d.    Everything that occurred during that interaction.

If you provided any medical evaluation(s), medical treatment, or medications to David Henegar during this time, please describe the evaluation performed by you or any other Person, the treatment given by you or any other Person, or the medications given by you or any other Person. Please also describe any other treatment or medications requested or considered. If you intend to answer by reference to Documents, please state under oath that the Documents contain all of the information responsive to this Interrogatory.

11. Please identify all of your supervisors (all the way up the chain of command) during the period of time that you worked for GDOC as of August 26, 2016.

12. Do you contend that there was a policy, procedure, or practice in place at Walker between 2011 and the present governing:

a. Access to medical evaluation or treatment by prisoners;
b. Provision of medical care to prisoners;
c. Provision of medication to prisoners;
d. Medical services provided at Walker;
e. Utilization of medication in the standard ward inventory;
f. Transfer of prisoners to offsite medical facilities for medical evaluation or treatment, including payment by Defendants or the GDOC for treatment at outside medical facilities;
g. Communications amongst and between medical staff regarding a prisoner's health, including any Complaints;
h. Documentation of any interactions with a prisoner regarding that prisoner's health, including any written or oral Complaints;
i. Requests by prisoners for medical attention, evaluation, or treatment; and
j. Healthcare staffing levels at Walker?

If you answer in the affirmative, please describe that policy, procedure, or practice as you understand it with particularly.

13. Please identify and describe every instance (if any) between January 1, 2010 and the present in which a policymaker or supervisor undertook to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies or procedures identified in Interrogatory No. 12, above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review or analysis, as well as the date such steps were taken.

14. Do you contend that another individual or entity other than yourself is responsible for ensuring that prisoners at Walker State Prison receive adequate medical treatment? If so, state the entire factual basis for that contention.

15. Did any Person or Policy, including any employee or agent of Walker State Prison, prevent you in any way from providing medication, medical care, or access to medical care to David Henegar? If this answer to this question is anything other than an unqualified "no," please identify every such Person or Policy and describe how each Person or Policy prevented you from providing medication, medical care, or access to medical care to David Henegar. To the extent that a policy or practice in place at Walker State Prison prevented you in any way from providing medical care or access to medical care to David Henegar, describe that policy or practice in your response, and identify the Person responsible for that policy or practice.

16. Did any Person, including you, fail to take reasonable measures in response to David Henegar's epilepsy and/or seizures at Walker State Prison in August 2016? If so, please explain what acts or omissions were unreasonable, and please explain what measures would have been reasonable.

17. Please state whether you called 911 (or equivalent number for outside emergency medical care) for David Henegar at any point. If you did not, please explain why.

                                                  Respectfully submitted,

                                                  /s/ Rachel Brady
                                                  Rachel Brady
                                                  Attorney for Plaintiff

Michael Kanovitz
Rachel Brady
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
brady@loevy.com

Zack Greenamyre
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
404-812-4751
zack@mitchellshapiro.com

**CERTIFICATE OF SERVICE**

      I, Rachel Brady, an attorney, certify that on February 13, 2019, I served the foregoing Plaintiff's First Set of Interrogatories to Defendants via electronic mail to all counsel of record.

      /s/ Rachel Brady
      Rachel Brady
      Attorney for Plaintiff