**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| DAVID HENEGAR, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:18-cv-00192-HLM |
| *v.* ) | |
| ) | |
| CINDY McDADE, et al., ) | JURY TRIAL DEMANDED |
| ) | |
| *Defendants*. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

# EXHIBIT 2

**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| DAVID HENEGAR, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| CINDY MCDADE, SHERIE L. LEE, | ) | 4:18-cv-00192-HLM |
| MARY ANN MELTON, JOHN STROH, | ) | |
| and JEROME KEITH, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

Plaintiff, David Henegar, by his undersigned attorneys, propounds the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure upon Defendants Cindy McDade, Sherie Lee, Mary Ann Melton, John Stroh, and Jerome Keith to be answered by each separately within 30 days after service hereof.

**Definitions**

Plaintiff incorporates the definitions from his First Set of Interrogatories to Defendants.

**Instructions**

1.   Please identify the request to which each document produced is responsive.

2.   Please mark all documents produced with an identifying number (i.e., a Bates stamp).

3.   Produce Documents that are stored electronically regardless of their form, kind, or location, and in their native format.

4.   Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

5.   If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

6. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

7. If you believe any part of any request herein is objectionable, or if you are unable to produce Documents responsive to a request, please state with specificity the basis for your objections and/or inability to produce responsive Documents.

8. If any Document responsive to any request herein has been previously produced in this litigation, please state the Bates stamp number of the Document previously produced or otherwise identify each such Document by description.

9. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the Persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

10. Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning on August 21, 2015 (approximately one year prior the events at issue in Plaintiff's Complaint) through the present.

11. In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information in a privilege log so that the claim of privilege may be evaluated and/or adjudicated. Specifically, please identify any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of each Document withheld, and the date(s) of each Document withheld.

12. If you have withheld one or more Documents that are responsive to any part of any one of Plaintiff's Requests for Production, so state that you are refusing to disclose responsive Documents and identify every objection on which your refusal to provide the Documents is based.

### **Requests for Production**

1. All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

2. All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

3. All Documents and Communications that support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

4. All Documents obtained from third parties regarding David Henegar, witnesses involved in this litigation, and/or the allegations in Plaintiff's Complaint (via subpoena or otherwise).

5. Plaintiff's full and complete inmate file and/or Master File.

6. All Documents relating to Complaints (including grievances) made by or on behalf of Plaintiff, and the disposition of any Complaints, including but not limited to any responses by a correctional counselor, Grievance Officer, Warden, Director, and/or the Administrative Review Board, and any appeals.

7. All medical records pertaining to David Henegar, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, other notes, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, information contained in the "Warden Infirmary Tab," requests for approval to refer Plaintiff for treatment by a third-party healthcare provider, approval and/or denial of a referral for Plaintiff for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

8. All records pertaining to David Henegar contained in the "Warden Infirmary Tab," including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, other notes, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Plaintiff for treatment by a third-party healthcare provider, approval and/or denial of a referral for Plaintiff for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

9. All Documents relating to requests for medical evaluation and/or treatment made by or on behalf of Plaintiff, and the disposition of any requests (including any responses). This request includes any and all sick call slips or forms completed by Plaintiff or on his behalf between January 1, 2010 and the present, sick call logs, or any other Documents establishing that Plaintiff was placed on sick call or requested to be placed on sick call during that time.

10. All Documents containing, constituting, and/or memorializing Communications of any kind relating to David Henegar or any of the allegations or events described in Plaintiff's Complaint. This request includes but is not limited to the following Communications:

   a. All Communications between any of the Defendants and David Henegar;
   b. All Communications amongst any of the Defendants;
   c. All Communications between any of the Defendants and any third-party healthcare provider(s) or one or more of the healthcare provider's employee(s) or agent(s);
   d. All Communications between any of the Defendants and one or more employee(s) or agent(s) of the GDOC;
   e. All Communications between any of the Defendants and one or more employee(s) or agent(s) of Georgia Correctional Health; and

      f.      All Communications between any of the Defendants, including one or more employee(s) or agent(s) of Georgia Correctional Health and the GDOC, and any other third party.

Please note, as detailed in the Definitions above, that "Communications" includes memos, letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio recordings, and video recordings.

      11.      All other Documents and Communications relating to Plaintiff not produced in response to Requests No. 5–10, above, including but not limited to incident reports, cumulative counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

      12.      Any witness statements relating to any of the allegations in Plaintiff's Complaint.

      13.      All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Complaint of Defendants' Answer or Affirmative Defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Complaint.

      14.      All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

      15.      Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

      16.      All Documents sufficient to show the identities of all Georgia Correctional Health employees or agents, or GDOC employees or agents, who evaluated, provided medical care to, or administered medication to Plaintiff at any point between August 20, 2015 and the present.

      17.      All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from January 1, 2010 through the present. If one or more of the Individual Defendants were not employed by either the GDOC or Georgia Correctional Health on January 1, 2010, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring through the present. If one or more of the Individual Defendants are no longer employed by either the GDOC or Georgia Correctional Health, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from January 1, 2011 through the last date of their employment with the GDOC or Georgia Correctional Health.

      18.      The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files,

performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

19. All Documents relating to the medical credentials and qualifications of each of the Individual Defendants. This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

20. All Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, employment contracts, or resignation in the course of his employment with Georgia Correctional Health or the GDOC, including Communications by Defendants or their agent(s) on those subjects.

21. All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

22. All Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of Georgia Correctional Health, the GDOC, and/or policies and practices in place at Walker at any time during any of the events or circumstances described in Plaintiff's Complaint.

23. All Documents relating to any internal investigation undertaken by Defendants, Georgia Correctional Health, or the GDOC, or any employee or agent of Defendants, Georgia Correctional Health, or the GDOC, in connection with the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

24. All Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of her employment at Walker.

25. All Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical care, responding to prisoners' requests for medical care, evaluating prisoners' health Complaints, providing medical treatment to prisoners, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

26. All Documents relating to all Complaints by prisoners at Walker, or any other Person, alleging inadequate medical care, denial of medical care, or denial of medication. This request is limited to the past ten years.

27. All Documents relating to all Complaints by a GDOC prisoner, or any other Person, concerning a refusal or failure to arrange for evaluation or treatment by an outside healthcare provider. This request is limited to the past ten years.

28. All Documents containing, memorializing, or pertaining to requests by Defendants, for evaluation, consultation, or treatment of prisoners at Walker by an outside healthcare provider. This request includes but is not limited to referral requests, requests for

consultation, reports of consultation, collegial reviews, authorization comments, pre-certification notifications, non-approval/approval forms, launch reports, certifications of service, daily activity reports, and all other utilization management documentation. This request is limited to the past ten years.

29. All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of August 1, 2011 to the present (including any changes to any of the above-mentioned materials) regarding the following subjects:

   a. Access to medical evaluation or treatment by prisoners;
   b. Provision of medical care to prisoners;
   c. Provision of medication to prisoners;
   d. Medical services provided at Walker;
   e. Utilization of medication in the standard ward inventory;
   f. Transfer of prisoners to offsite medical facilities for medical evaluation or treatment, including payment by Defendants or the GDOC for treatment at outside medical facilities;
   g. Communications amongst and between medical staff regarding a prisoner's health, including any Complaints;
   h. Documentation of any interactions with a prisoner regarding that prisoner's health, including any written or oral Complaints;
   i. Utilization management decisions;
   j. Requests by prisoners for medical attention, evaluation, or treatment; and
   k. Healthcare staffing levels at Walker.

30. All Policies over which Defendant McDade had any authority to supervise, review, enforce, oversee, administer, or direct.

31. All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint. This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

32. All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

33. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

34. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

   a. All Communications to and from said expert(s);
   b. Documents provided to and/or relied upon by said expert(s);
   c. All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);
   d. All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and
   e. Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

35. All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

36. All Documents relating to your net worth, including the following:

   a. All Documents relating to any assets in your possession with a value in excess of $2,500;
   b. Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
   c. Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;
   d. A copy of the deed to your residence. If you do not own your home, please produce a copy of a current lease;
   e. A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;
   f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;
   g. A copy of your last four pay stubs relating to any employment in which you are engaged;
   h. All Documents relating to any mortgage applications signed by you in the past three years; and
   i. Copies of your last three state and federal income tax returns.

37. All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Walker. This request includes but is not limited to Documents regarding the chain of command at Walker, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Walker.

38. All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is limited to the last ten years.

39. Documents reflecting the time records (i.e., Time Details records or other documents reflecting hours worked) for Defendants from August 20, 2015 through the present. Please note that this request is limited to time records reflecting work for Georgia Correctional Health or GDOC.

                                        Respectfully submitted,

                                        /s/ Rachel Brady
                                        Rachel Brady
                                        Attorney for Plaintiff

Michael Kanovitz
Rachel Brady
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
brady@loevy.com


Zack Greenamyre
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
404-812-4751
zack@mitchellshapiro.com

## CERTIFICATE OF SERVICE

      I, Rachel Brady, an attorney, certify that on February 13, 2019, I served the foregoing Plaintiff's First Set of Requests for Production to Defendants via electronic mail to all counsel of record.

                                      /s/ Rachel Brady
                                      Rachel Brady
                                      Attorney for Plaintiff