**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| DAVID HENEGAR, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:18-cv-00192-HLM |
| *v.* ) | |
| ) | |
| CINDY McDADE, et al., ) | JURY TRIAL DEMANDED |
| ) | |
| *Defendants.* ) | |

**<u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES</u>**

# EXHIBIT 4

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

May 28, 2019

Laura Lones
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Paul Henefeld
Applebaum & Henefeld, P.C.
9B Lenox Pointe Northeast
Atlanta, Georgia 30324

      Re:    *Henegar v. McDade, et al.*, No. 18-cv-192 (N.D. Ga.)
                Defendants' Discovery Responses

Dear Counsel,

      I write pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1 to discuss Defendants' responses to Plaintiff's first set of requests for production and interrogatories in the above-entitled matter. Please consider this an effort to resolve our discovery disputes in advance of filing a motion to compel.

      I sent you a letter on April 16, 2019 pointing out a number of deficiencies in Defendants' responses to Plaintiff's requests for production and requesting that Defendants provide complete responses to Plaintiff's requests for production. In response Defendants stated that they would produce documents responsive to Plaintiff's Request for Production numbers 17, 18, and 19, requesting documents related to Defendants' job duties, personnel files, and credentials; number 28, requesting utilization management documentation; and number 39, requesting documents reflecting Defendants' time records. Defendants also stated that they would produce the log books responsive to Plaintiff's request number 11. At this point Plaintiff has not received any of these documents except personnel files for Defendants Lee and Melton. These documents were due on March 30, 2019 and are now almost two months overdue. Please produce the requested documents immediately.

      **I.**      **Defendants' Responses to Plaintiff's First Set of Requests for Production**

    The production responses provided by Defendants McDade, Lee, Melton, Stroh, and Keith are deficient. Plaintiff outlines the deficiencies here.

*Henegar v. McDade, et al.*
May 28, 2019
Page 2 of 9

***References to All Documents.*** Defendants respond to a great number of Plaintiff's requests for production simply by referring to large numbers of documents, or by asserting that if it exists, it has already been produced. This problem pervades Defendants' responses to requests for production 1-4, 10, 11, 16, and 32. Please supplement your responses to point to the specific documents you assert are responsive to each specific request for production.

***Boilerplate Objections***. Defendants improperly assert a number of boilerplate assertions to nearly every request for production, regardless of whether the objection applies. *U.S.C.F.T.C. v. Am. Derivatives Corp.*, No. CIVA 1:05CV2492 RWS, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007). For example, Defendants state that requests are vague, but do not specify which terms are vague or what about them would force Defendants to "guess" as to their meaning, even when requests are straightforward and use common words. This is improper. *Id.* at *3 ("Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.") Defendants also object on the grounds that the requests seek information relating to claims or defendants that have been dismissed, but have not specified why they believe any of the information sought is not proportionate to the needs of the case. Even a request seeking information relating to job descriptions or policies, for example, is relevant to an individual Defendant's state of mind or knowledge, which are directly relevant to his or her deliberate indifference.

Further, Defendants have not specified whether they are withholding documents subject to these objections. To the extent that Defendants are objecting on the basis of relevance or any other boilerplate objection, please specify which documents Defendants are withholding on the basis of relevance. If Defendants do not specify which documents they are withholding, Plaintiff will seek to bar documents not disclosed here.

***Request Nos. 5 and 6*** seek similar information. Number 5 seeks Plaintiff's full and complete inmate and/or Master File. Defendants responded that they would produce, without definition, "Plaintiff's institutional file." It is unclear whether this is entirely responsive. Number 6 seeks all documents relating to complaints or grievances made by or on behalf of Mr. Henegar. Please confirm that Plaintiff's "institutional file" includes all medical records, complaints, grievances, records documenting conversations had in response to grievances, evaluations, communications, disciplinary records, housing assignments, employment records, etc.

In addition, it does not appear that the grievances Defendants have produced are complete. For example, one of the sets of grievances Defendants produced say, "Supporting medical documentation is attached," but no medical documentation is included with the grievance. *See, e.g.,* Henegar Grievances 0006. Please supplement your responses.

***Request No. 7*** requests all medical records pertaining to David Henegar, including but not limited to, intake evaluation records and/ or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/ or any other records documenting medical evaluation and/ or treatment, records of testing, other notes, results of any testing, laboratory reports, mental health evaluations and/ or any other records of mental health treatment, information contained in the "Warden Infirmary Tab," requests for approval to refer

*Henegar v. McDade, et al.*
May 28, 2019
Page 3 of 9

Plaintiff for treatment by a third-party healthcare provider, approval and/ or denial of a referral for Plaintiff for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

Defendants responded that they would produce Plaintiff's medical records, mental health records (if any), and utilization management records. Please confirm that this encompasses all of the records in Request Number 7, including, but not limited to all progress records and nursing assessments, or otherwise specify which categories of documents Defendants are withholding and on what basis.

**Request No. 8** requests all records pertaining to David Henegar contained in the "Warden Infirmary Tab." Defendants responded that they do not know what the "Warden Infirmary Tab" is and directed Plaintiff to their response to his request number 7. This response is insufficient. Defendants have a duty to conduct a diligent search for responsive documents. *See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc.*, No. 1:12-CV-03222-AT, 2015 WL 11199150, at *3 (N.D. Ga. Apr. 2, 2015), *report and recommendation adopted*, No. 1:12-CV-3222-AT, 2015 WL 11199153 (N.D. Ga. Apr. 28, 2015) (ordering responding party to conduct good-faith search); *Tradebank Int'l Franchising Corp. v. Fla. Barter Exch., LLC*, No. 1:12-CV-2810-RLV-JSA, 2014 WL 12861202, at *5 (N.D. Ga. May 29, 2014), *report and recommendation adopted*, No. 1:12-CV-2810-RLV, 2014 WL 12861362 (N.D. Ga. June 26, 2014) (same). To the extent that reasonable investigation would reveal what information is contained in the Warden Infirmary Tab, Defendants have a duty to produce it. Please confirm that Defendants have conducted a good faith investigation into responsive documents.

**Request Nos. 10 and 11** request all documents and communications relating to Plaintiff or the events described in Plaintiff's complaint. This includes summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind. For starters, Defendants have not produced any communications whatsoever. This production cannot possibly be complete. Defendants have an obligation under Rule 34 to search for communications stored electronically, and this production does not include any ESI. Defendants also responded that they would produce the Log Book for Plaintiff's dorm for August and September 2015, but have not done so. Please produce log book for August and September 2016.

**Request No. 12** seeks all witness statements relating to any of the allegations in Plaintiff's Complaint. Defendants produced only two incident reports in response to this request. This response is not sufficient. Plaintiff's compliant includes allegations about the quality of medical care provided at Walker generally, but Defendants' production includes witness statements relating only to Mr. Henegar's seizures in August and September 2016. Please supplement your production to include witness statements relating to all allegations in the Compliant, including, but not limited to, the quality of medical care at Walker, the provision of medical care at Walker, pill call at Walker, requests for outside medical care at Walker, provision of Plaintiff's medication, and Plaintiff's seizures, as requested.

*Henegar v. McDade, et al.*
May 28, 2019
Page 4 of 9

  ***Request No. 13*** seeks communications between any of the Defendants or anyone working on their behalf and any person who may have discoverable information or knowledge about the allegations in Plaintiff's complaint. Defendants have produced no responsive documents. To the extent that you assert some of these documents are protected by a privilege, please produce a privilege log. Otherwise, please produce responsive documents.

  ***Request No. 14*** seeks Documents relating to criminal convictions of any Person related to any of Defendants' claims or defenses in this case to the extent that Defendants intend to use criminal convictions during depositions or at trial. Defendants refer Plaintiff to the Georgia Department of Corrections database. This is an insufficient response. Plaintiff is entitled to know the nature of each conviction of each witness, as well as the reasons such evidence is admissible at trial. Please provide that information. If Defendants intend to rely on any such criminal convictions and do not provide Documents relating to those convictions, Plaintiff will move *in limine* to bar that evidence.

  ***Request No. 16*** requests all Documents sufficient to show the identities of all Georgia Correctional Health employees or agents, or GDOC employees or agents, who evaluated, provided medical care to, or administered medication to Plaintiff at any point between August 20, 2015 and the present. Defendants responded by referring Plaintiff to his own medical records. This response is not sufficient. Please identify the specific Bates range of documents that include responsive information.

  ***Request Nos. 17, 18, 19, and 20*** ask the Defendants for documents relating to their employment at Walker, including their job descriptions and personnel files—defined to include employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, medical credentials, Communications to and from state licensing bodies, hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, employment contracts, or resignation in the course of his employment with Georgia Correctional Health or the GDOC, including Communications by Defendants or their agent(s) on those subjects.

  Defendants responded to these requests for production by objecting on the basis of relevance and referring Plaintiff to the defendants' personnel records, if they had them. Defendants also responded that they will produce Defendants' job descriptions "at the time this matter arose." This is not an acceptable response. Defendants' objections on the basis of relevance are unfounded. This information, including Defendants' job descriptions over a short time period, is highly relevant to a Defendant's state of mind, motive, opportunity, intent, preparation, plan, knowledge, identity, and lack of mistake. *See* FED. R. EVID. 404(b). Any issues of admissibility will be resolved before trial.

  In addition, to date only Defendants Lee and Melton have produced their personnel files. Certainly Defendants' personnel files and job descriptions, as defined above, are within their control, even if they do not currently possess them.

*Henegar v. McDade, et al.*
May 28, 2019
Page 5 of 9

      ***Request Nos. 24, 26, and 27*** seek documents relating to complaints filed against Defendants. Defendants object that this request is overly burdensome because it will require them to hand-search all grievances at Walker, and that it could yield responsive documents that contain protected health information. Defendants also state that the request is vague as to the word "complaint." These objections are not well-taken.

      First, Defendants purport confusion about the word "complaint," stating that it is unclear whether the word "compliant" refers only to legal complaints/lawsuits or other types of grievances, as well. The word complaint is to be given its ordinary meaning. If Plaintiff had wanted to limit the request only to legal complaints and/or lawsuits, he would have done so.

      Second, these documents are clearly responsive and relevant to Plaintiff's claims. *See Sullivan v. Powell*, No. CV 317-017, 2018 WL 1384297, at *2 (S.D. Ga. Mar. 19, 2018); *Green v. Hooks*, No. CV614-046, 2015 WL 4408834, at *5 (S.D. Ga. July 17, 2015). This information is highly relevant to a Defendant's state of mind, motive, opportunity, intent, preparation, plan, knowledge, identity, and lack of mistake. *See* FED. R. EVID. 404(b). And to the extent that any Defendants were informed about the grievances, they are relevant to show notice of inmates' needs, prison policies, and Defendants' deficient performance. Any issues of admissibility will be resolved before trial.

      Next, to the extent that these requests will actually require a hand search of all grievances ever filed, Walker Prison's deficient record-keeping system is not grounds to deprive Plaintiff of responsive documents. *See Hugler v. Jasper Contractors, Inc.*, No. 1:16-CV-3845-LMM-JSA, 2017 WL 8186737, at *10 (N.D. Ga. June 8, 2017), *report and recommendation adopted sub nom. Acosta v. Jasper Contractors, Inc.*, No. 1:16-CV-3845-LMM-JSA, 2017 WL 8186721 (N.D. Ga. July 24, 2017) (granting movant's petition for sanctions when respondent failed to produce responsive documents due to its "deficient record-keeping system" and "cavalier approach to searching for and/or producing responsive material"); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 328, 331 (M.D. Ala. 1991) ("Nor can the lack of an adequate filing system insulate a party from discovery."); *see also Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *3-*4 (N.D. Ill. Sept. 24, 2013) (allowing defendants to withhold documents because of inadequate recordkeeping "would create the perverse incentive of encouraging companies to organize their systems and records in a way that make the information contained in them inaccessible except at great burden and cost."); *Brooks v. Macy's, Inc.*, 2011 WL 1793345, at *4 (S.D.N.Y. May 6, 2011) ("[T]he burden that results from disorganized record-keeping does not excuse a party from producing relevant documents."); *Alliance to End Repression v. Rochford*, 75 F.R.D. 441, 447 (N.D. Ill. 1977) ("To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of discovery rules.").

*Henegar v. McDade, et al.*
May 28, 2019
Page 6 of 9

But given that the grievances Defendants have already produced are digital and include coding language such as "Grievance Category" and "Persons Involved," it seems that a database search for grievances against each Defendant and within the "Medical" category would allow Defendants to identify with particularity those responsive grievances.

Further, if Defendants contend that their entire complaint and disciplinary histories are listed in their personnel files, please point to specific documents, and swear under oath in response to Plaintiff's interrogatories that these documents represent the complete Complaint and disciplinary histories of each Defendant.

And any concerns Defendants have about responsive grievances divulging protected health information are invalid given the HIPAA protective order in this case, and so this objection is unfounded. (ECF No. 74.)

**Request No. 23** seeks documents relating to any internal investigation undertaken into any of the allegations in Plaintiff's Complaint. Defendants respond by stating that any responsive documents should be obtained directly from the GDOC or the Board of Regents. This is not a sufficient response. Federal Rules of Civil Procedure 26(b) and 34 require Defendants to produce documents to which they have possession, custody, control, or access. Defendants clearly have access to this information, if it exists. To the extent that any of the individual Defendants have access to documents or communications pertaining to any internal investigation, please produce them. Otherwise, please confirm that Defendants have no responsive documents.

**Request No. 25** seeks documents relating to the Defendants' professional training, including training manuals, employee handbooks, etc. Defendants stated that they would produce responsive documents in their possession, but to date Plaintiff has not received them. Beyond that, Defendants have a duty under Federal Rule of Civil Procedure 34 to produce documents not only in their possession, but also documents in their custody or control, or to which they have access. Presumably Defendants have been trained on Walker Standard Operating Procedures, and those SOPs and other training materials should be produced.

**Request No. 30** seeks all Policies over which Defendant McDade had any authority to supervise, review, enforce, oversee, administer, or direct. Defendant McDade responds with several nonresponsive boilerplate objections, and also states that Plaintiff should request these records from the DOC or the Board of Regents. This response is inadequate. As discussed above, Federal Rule of Civil Procedure requires Defendant McDade to produce documents within her control, or to which she has access. Unless she contends that these documents are not within her control or that she cannot access them (which has not done) she must produce them.

**Request Nos. 35 and 36** seek documents relating to punitive damages. This information is relevant to punitive damages and is discoverable *WTI, Inc. v. Jarchem Indus.*, Inc., No. 2:10-CV-0238-RWS, 2013 WL 142318, at *3 (N.D. Ga. Jan. 11, 2013). At this point it would be impossible for Defendants to know that a jury's award would be entirely covered by insurance. Please supplement your response.

*Henegar v. McDade, et al.*
May 28, 2019
Page 7 of 9

## II. Defendants' Responses to Plaintiff's First Set of Interrogatories

The interrogatory responses provided by Defendants McDade, Lee, Melton, Stroh, and Keith are deficient. Plaintiff outlines the deficiencies here.

*Verifications*. Plaintiff has not received a signed verification from any Defendant. Please provide them.

*Boilerplate Objections*. As with their responses to Plaintiff's requests for production, Defendants lodge multiple boilerplate objections to each interrogatory. For the same reasons discussed above, these objections are improper. *U.S.C.F.T.C. v. Am. Derivatives Corp.*, No. CIVA 1:05CV2492 RWS, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007). Plaintiff assumes that Defendants are not withholding responsive information on the basis of these objections and will seek to bar witnesses or information not disclosed here.

*Interrogatory No. 3* asks Defendants to identify all Complaints that have ever been made against the them—including but not limited to lawsuits—and whether Defendants received any discipline in connection with each complaint and other information relating to each such Complaint. Defendants responded to this interrogatory by identifying lawsuits to which they have been parities. This is not sufficient. Plaintiff is seeking a narrative response to this interrogatory and Defendants should supplement their response by identifying and discussing each Complaint—when given its ordinary meaning—made against them.

In addition, Defendants' objections on the basis of relevance are unfounded. As discussed above, this information is highly relevant to a Defendant's notice, state of mind, motive, opportunity, intent, preparation, plan, knowledge, identity, and lack of mistake. *See* FED. R. EVID. 404(b). Defendants cannot unilaterally decide what information is relevant. Any issues of admissibility will be resolved before trial.

*Interrogatory No. 6* requests the factual bases supporting all affirmative defenses that Defendants are asserting. Defendants objected on the ground that the request is "overbroad and seeks information that are irrelevant to any claim or defense to the extent that it seeks discovery regarding allegations, claims or parties who have been dismissed from this case." Defendants also state that "(1) many of the defenses are legal defenses; and (2) Plaintiff has the burden of proof; Defendant is not required to prove anything." These objections and disclaimers are improper. Information supporting Defendants' affirmative defenses is relevant and discoverable. *Doe v. Onebeacon Am. Ins. Co.*, No. 1:11-CV-275-MP-GRJ, 2012 WL 5876566, at *7 (N.D. Fla. Nov. 21, 2012) ("Defendant may not assert an affirmative defense and then decline to produce documents that would support those defenses."); *Stewart-Jackson Pharmacal, Inc. v. River's Edge Pharm., LLC*, No. 1:10-CV-2037-HLM, 2011 WL 13273764, at *1 n.2 (N.D. Ga. May 4, 2011); *Cobb Elec. Membership Corp. v. Zurich Am. Ins. Co.*, No. 1:09-CV-0675-CAP-WEJ, 2010 WL 11500063, at *8 (N.D. Ga. Mar. 29, 2010) (compelling response to request for documents supporting affirmative defenses).

*Henegar v. McDade, et al.*
May 28, 2019
Page 8 of 9

  Plaintiff is entitled to know the basis of the various defenses that Defendants intend to present in this case. Defendants assert defenses in boilerplate fashion without any substantive detail. Dkt. 69, at 1–2. For example, Defendants asserted a qualified immunity defense in their answer to Plaintiff's complaint, yet state no factual basis for that defense in their response to Plaintiff's Interrogatory Number 6. Please update your responses accordingly. To the extent that Defendants refuse to do so, Plaintiff will argue that Defendants have forfeited the defenses for which information is not provided.

  ***Interrogatory No. 8*** seeks information relating to punitive damages. As discussed above, in regards to this information is discoverable and it is premature to assert that all damages will be covered by insurance. Please supplement your response.

  ***Interrogatory No. 9*** asks Defendants whether they contend Mr. Henegar received adequate medical care at Walker. Defendant Stroh, Keith, and McDade's responses do not answer the question asked. Please supplement your responses.

  ***Interrogatory No. 10*** asks Defendants about every interaction they had with Mr. Henegar during a specific time period. These responses are incomplete. Defendants identify interactions they may have had with Mr. Henegar, but do not identify specific communications. For example, Defendants Lee and Melton say that their interactions with Mr. Henegar would be documents in his medical records. Plaintiff has posed interrogatories in order to identify evidence and narrow the issues in dispute in this case. Defendants have answered these interrogatories as if they were requests for production. This response is insufficient. To the extent that Defendants refer to documents, they should make clear in their responses what information in those documents were communicated to what people and when. They should also affirm under oath that the documents reflect the full extent of the communications outlined in each document.

  Likewise, Defendants Stroh and Keith state that they "may have discussed with Plaintiff the fact that no Dilantin pills were available for him in the pill cart." First, this interrogatory asks Defendants to identify, after a good-faith investigation, the actual communications that they can remember, whatever form those communications may take. It does not ask Defendants to guess about communications that they had. Defendants should either identify the specific communications that they remember or affirm under oath that they have no memory of any responsive communications.

  Second, to the extent that Defendants remember any conversations, they have not provided any details of the conversations that they do remember. Please supplement your responses with the requested details about specific communications that each Defendants had with Mr. Henegar

  ***Interrogatory No. 14*** seeks the names of everyone Defendants know of who is responsible for ensuring that prisoners at Walker State Prison receive adequate medical care. Defendants provide one answer between all of them, stating that medical staff, security, and inmates—essentially everyone who lives or works at the prison—are responsible. This response is plainly deficient.

*Henegar v. McDade, et al.*
May 28, 2019
Page 9 of 9

  Plaintiff has requested the names of all Persons who were responsible for ensuring adequate medical care to prisoners. Each Defendant is required in response to these interrogatories to describe the individuals who he or she believes is responsible for ensuring adequate healthcare. During Defendants' depositions, Plaintiff will use this list to question Defendants about their role in the healthcare system at Walker, and Plaintiff expects each Defendant to have provided a complete list of individuals, based on their recollection and their good-faith investigation. In addition, a complete list of all participants in the healthcare system at Walker is important to understand the depositions that must be taken in this case and who Defendants may call at trial to discuss the provision of healthcare to Mr. Henegar. Please update these responses to include a complete and fulsome response to this interrogatory, explaining each person's role in ensuring prisoners receive adequate healthcare.

***

  Please let me know when this week you are available to discuss these issues, or otherwise supplement your responses. If I do not hear from you by the end of this week, I will assume we are at an impasse.

Sincerely,

*Rachel Brady*
Rachel Brady