# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ROME DIVISION

| | |
|---|---|
| DAVID HENEGAR, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 4:18-cv-00192-HLM |
| v. | ) |
| | ) |
| CINDY McDADE, et al., | ) JURY TRIAL DEMANDED |
| *Defendants.* | ) |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

# EXHIBIT 5

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

June 21, 2019

Laura Lones
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Paul Henefeld
Applebaum & Henefeld, P.C.
9B Lenox Pointe Northeast
Atlanta, Georgia 30324

   Re: *Henegar v. McDade, et al.*, No. 18-cv-192 (N.D. Ga.)
      Defendants' Discovery Responses

Counsel,

Thank you for talking with me earlier this week about Defendants' discovery responses. I write to confirm our conversation.

We first discussed Plaintiff's requests for production.

You stated that you are not withholding any documents on the basis of your objections. You said that you did not believe you were withholding any privileged material, but would double check. I told you I would limit all my Communications requests to exclude communications between defendants and their counsel in this case.

Specifically, you said that you would send Defendants' time records for the week before and after September 1, 2016. You said that you have documents that you've obtained from Augusta Medical College and Georgia Department of Corrections and would produce them to me by the end of this week if you have not already done so. I told you I would accept rolling production and you agreed to send documents as you get them. Meantime, you said you would get back in touch with GDC and Augusta to see the status of the documents you've requested for them.

You confirmed that there is no inmate "master file," but said that you have sent me all GDC documents pertaining to Plaintiff, including his institutional file, medical file, grievance records, and disciplinary records, excepting his utilization management records. You said you have requested these and will have them soon. I told you that Defendants have produced only three grievances for Mr. Henegar and you said you would confirm if there are other grievances, and produce them if they exist. You said that GDC or Augusta have any of his medical records from outside providers, they will be in his medical file.

We discussed the grievances that say "Medical documentation is attached," but that do not include medical documentation. These grievances include:

*Henegar v. McDade, et al.*
June 21, 2019
Page 2 of 4

- Henegar Grievances 0002
- Henegar Grievances 0006

We also discussed the "Warden Infirmary Tab." I explained that Plaintiff had requested these documents based on a reference in his own medical records, at Henegar Medical Records 0269. On that page, Defendant Melton wrote a note "See notes. Warden Infirmary Tab." You said you would ask your clients whether they are familiar with the Warden Infirmary Tab and supplement your response.

You said that you would ask the Defendants to search the personal communications for responsive information, and would produce it immediately if it exists. You also said you would produce the Walker Prison log books for August and September 2016.

You confirmed that you believe Georgia Department of Corrections conducted an internal investigation into this incident because you have seen a document relating to this investigation. You said you would produce all information relating to this investigation. You also said that you believed Walker Prison had made institutional changes in response to Mr. Henegar's incident and that you would produce records relating to these changes.

You said that the prison has "accountability logs" which may indicate who was living in a particular dorm at a particular time. You said you would produce them for the five days before and after Mr. Henegar's seizures on August 31 and September 1, 2016.

You said you would update your response to RFP number 16 to identify specific Bates numbers of documents that will identify the Georgia Correctional Health employees who administered medication to Mr. Henegar between August 2015 and the present.

We also discussed complaints and grievances filed against Defendants. You said that the Defendants' personnel files are comprehensive, and that the only documents Plaintiff has requested that are not in in the personnel files are grievances and complaints. You said that if a grievance resulted in discipline, it would be in the personnel file, but grievances alone will not be. You said that you do not believe the grievance system is searchable by anything other than the inmate's name. You said you would talk to an IT person to see whether there is a way to search by a term other than the filing inmate's name, given that the grievances are typed. You said that your clients would not do a hand search for this information, and I said that if IT is not able to do a computerized search, I will move to compel.

Regarding Request 30 to Defendant McDade, I told you I would narrow this request. Defendant McDade can provide a list of the policies over which she has any authority to supervise, review, enforce, oversee, administer, or direct. She does not need to provide the policies in their entirety. You said you would supplement your response.

You also said that Defendants have no plans to raise a financial hardship defense. We agreed that we cannot be sure whether insurance will cover a jury verdict, and I said that this information is

*Henegar v. McDade, et al.*
June 21, 2019
Page 3 of 4

relevant to punitive damages. You said Defendants will not produce information showing their financial condition, and I told you I will move to compel it.

Regarding Defendants' responses to Plaintiff's interrogatories:

You said you would send verifications and updated Interrogatory responses by early during the week of June 24. You confirmed that Defendants are not withholding any information on the basis of any of their objections.

You said that you would supplement the interrogatory responses to identify grievances of which Defendants are aware, based on their personal knowledge.

We also discussed Defendants' responses to Plaintiff's interrogatory requesting the factual bases for their defenses. I explained Defendants' responses were insufficient and that Plaintiff will argue that Defendants have forfeited the defenses for which information is not provided, and move to compel them. You said you would consider updating your responses.

Defendant McDade said she will supplement her answer to the interrogatory asking if she contends Mr. Henegar received adequate medical care.

We also discussed interrogatory number 14, which seeks the names of everyone Defendants know of who is responsible for ensuring Walker prisoners received adequate medical care. Defendants affirmed their answer, which is that everyone in the prison is responsible for ensuring medical care. Defendants stated that, for example, security officers cannot diagnose and treat illness, but can dispense medication and escort prisoners to medical appointments. Defendants also stated that if a detainee has a medical emergency and any prison employee, including nonmedical employees, sees the emergency, that employee is responsible for getting help. Defendants posited that this interrogatory is too broad, and Plaintiff agreed to narrow his question. Defendants agreed to supplement their responses. To that end, please supplement your responses to answer the following question:

> Do you contend that another individual or entity other than yourself was responsible for ensuring that Plaintiff received adequate medication and medical treatment for his epilepsy and seizures? If so, state the entire factual basis for that contention?

*\*\*\**

Finally, I forgot to bring up interrogatory number 10, regarding conversations Defendants had with Plaintiff. To the extent that Defendants refer to documents, they should make clear in their responses what information in those documents were communicated to what people and when. They should also affirm under oath that the documents reflect the full extent of the communications outlined in each document.

Likewise, Defendants Stroh and Keith state that they "may have discussed with Plaintiff the fact that no Dilantin pills were available for him in the pill cart." First, this interrogatory asks

*Henegar v. McDade, et al.*
June 21, 2019
Page 4 of 4

Defendants to identify, after a good-faith investigation, the actual communications that they can remember, whatever form those communications may take. It does not ask Defendants to guess about communications that they had. Defendants should either identify the specific communications that they remember or affirm under oath that they have no memory of any responsive communications.

Second, to the extent that Defendants remember any conversations, they have not provided any details of the conversations that they do remember. Please supplement your responses with the requested details about specific communications that each Defendants had with Mr. Henegar.

***

I believe this accurately summarizes our conversation. Please supplement your answers accordingly. If you disagree with anything in this letter, please respond by Wednesday, June 26, and identify the specific areas with which you disagree.

Sincerely,

*/s/ Rachel Brady*
Rachel Brady